UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00012-17 |
| | ) | Judge Sharp |
| ROBERT LIGON | ) | |

## ORDER

On August 20, 2012, Defendant Robert Ligon was sentenced to a term of imprisonment of 180 months, upon his plea of guilty to conspiring to distribute controlled substances, including 500 grams or more of cocaine, and 280 grams or more of cocaine base. He has now filed a Motion under 18 U.S.C. § 3582(c)(2), claiming that he is entitled to sentencing relief based upon United States v. Blewett, 719 F.3d 482 (6th Cir. 2013) wherein the Sixth Circuit held that the "Fair Sentencing Act and the new retroactive Sentencing Guidelines subsequently adopted by the Sentencing Commission can and should be interpreted to replace retroactively the old, discriminatory mandatory minimums with the new, more lenient minimums." Id. at 490. The Government opposes the Motion (Docket No. 1799).

At least four reasons compel denial of Ligon's Motion. First, the Sixth Circuit "has granted a motion for rehearing *en banc* and vacated Blewett," United States v. Drewery, 2013 WL 4054935 at *7 (6th Cir. Aug. 13, 2013), meaning that prior, "binding authority" in the form of United States v. Hammond, 712 F.3d 333, 335–36 (6th Cir. 2013) and United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010) controls. United States v. Burks, 2013 WL 3801973 (6th Cir. July 22, 2013). Second, even if Blewett remains good law, it is inapposite because its concern was with the retroactivity of the Fair Sentencing Act which was passed in August 2010, but Ligon was sentenced

1

some two years after the Act's passage, and some nine months after the Amendments to the Sentencing Guidelines became effective. Third, Defendant (and the Government) agreed to the 180 month sentence and Defendant in his Plea Agreement specifically "waive[d] the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c)." (Docket No. 1154, Plea Agreement ¶ 18). Fourth, even if the waiver is deemed to be invalid, to be entitled to relief under Section 3582(c)(2), it must be shown that Defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. 3852(c)(2), but no such showing has been made in this case. In any event, Defendant agreed that the Guideline calculations would be "moot so long as the Court impose[d] the agreed imprisonment sentence" of 180 months, (Id. ¶ 10), and, in exchange for the plea, the Government agreed not to file an enhancement under 21 U.S.C. § 851 that would imposed a mandatory minimum sentence of at least 20 years.

Accordingly, Defendant Ligon's Motion under 18 U.S.C. § 3582(c)(2) (Docket No. 1794) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE